# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RAECHELLE JANZEN,     )
             )
   Plaintiff,      )
             )
vs.           )   NO. CIV-11-70-D
             )
WATONGA HOSPITAL TRUST  )
 AUTHORITY A/K/A WATONGA )
 MUNICIPAL HOSPITAL, et al.,  )
             )
   Defendants.     )

## ORDER

Before the Court is the motion [Doc. No. 33] of Defendant Roland Gee ("Gee"), seeking partial dismissal of the claims asserted in the Amended Complaint. Specifically, Gee seeks dismissal of Plaintiff's claim that Gee, her former supervisor, tortiously interfered with her employment. Plaintiff timely responded to the motion.

As Gee points out, in its Order [Doc. No. 27] of November 8, 2011, the Court granted Gee's previous motion to dismiss the tortious interference claim and other claims set forth in the original Complaint. Pursuant to Fed. R. Civ. P. 12(b)(6), the Court found that Plaintiff's Complaint contained insufficient factual allegations to support a plausible claim for relief against Gee as to several claims, and it granted Plaintiff leave to amend to correct the deficiencies in some of the claims. Gee now argues that, with respect to the tortious interference claim asserted in Count XI of the Amended Complaint [Doc. No. 28], Plaintiff has failed to cure the pleading deficiencies previously noted by the Court. He asks the Court to dismiss Count XI with prejudice, arguing that Plaintiff's minor changes to her factual allegations in support of this claim do not cure the deficiencies noted by the Court in its Order dismissing the original Complaint.

As Gee points out, the Court dismissed this claim in its previous Order [Doc. No. 27] because it found Plaintiff's allegations were merely conclusory and were not supported by factual allegations sufficient to state a plausible claim for relief pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and subsequent decisions.   Gee argues that, in the Amended Complaint, Plaintiff again asserts only conclusions and fails to provide sufficient facts to support the requisite elements of this claim under Oklahoma law.   *See, e.g., Gabler v. Holder and Smith, Inc.,* 11 P. 3d 1269, 1278 (Okla. 2000).   Gee argues that, with respect to the essential element of malice, Plaintiff fails to allege facts that could support a finding that he acted maliciously.

In her response, Plaintiff correctly argues that allegations of a party's state of mind, including malice, can be generally alleged.   *See, e.g., United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 9 (b).   Although Plaintiff's allegations in this case could be more specifically set out, the Court finds that the Amended Complaint, viewed in its entirety, is sufficient to satisfy the *Twombly* plausibility requirements.    Whether Plaintiff can support her tortious interference claim against Gee under the facts alleged is a different matter, and may be raised at a later stage of the litigation.

For the foregoing reasons, the motion to dismiss [Doc. No. 33] is DENIED.  Defendant Gee shall file his answer to the Amended Complaint no later than 14 days from the date of this Order.

IT IS SO ORDERED this 27th day of August, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE