# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAECHELLE JANZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-70-D |
| | ) | |
| WATONGA HOSPITAL TRUST | ) | |
| AUTHORITY A/K/A WATONGA | ) | |
| MUNICIPAL HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the motion [Doc. No. 36] of Defendant Watonga Hospital Trust Authority a/k/a Watonga Municipal Hospital ("Hospital") to partially dismiss the Amended Complaint filed herein. Pursuant to Fed. R. Civ. P. 12(b)(6), the Hospital seeks dismissal of three claims set out in the Amended Complaint[1], arguing Plaintiff has failed to state a plausible claim for relief against it as to three of her fourteen claims: 1) her Count VII claim asserting a violation of her First Amendment right to freedom of speech; 2) her Count VIII claim asserting a violation of her Fourteenth Amendment right to equal protection; and 3) her Count XII claim for intentional infliction of emotional distress.

Plaintiff timely responded to the motion. However, her response contains no substantive argument regarding the claimed pleading deficiencies. Instead, she argues only that the motion should be stricken because the Hospital did not move to dismiss the original Complaint, and filed

---

[1]The Court previously granted Defendant Roland Gee's partial motion to dismiss [Doc. No. 17] the Complaint, and authorized Plaintiff leave to amend to cure the pleading deficiencies noted with respect to some of her claims. Roland Gee then moved to dismiss one claim in the Amended Complaint, and the Court has addressed his motion in a separate Order. The Hospital did not move to dismiss claims asserted against it in the Complaint, but now seeks dismissal as to three claims in the Amended Complaint.

an Answer. Plaintiff argues that, as a result, the Hospital waived its right to seek partial dismissal of the Amended Complaint.

The Court disagrees. It is well established that a properly filed amended complaint "supersedes the original and renders it of no legal effect." *Enderwood v. Sinclair Broadcast Group, Inc.*, 2007 WL 1180426, at **6 (10th Cir. April 23, 2007) (unpublished opinion) (citing *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)). This "rule establishes to which complaint opposing parties should direct any subsequent motion." *Davis*, 929 F.2d at 1517 (citing 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* ¶ 1476, at 556-57 (2d ed. 1990) ("Wright & Miller"). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." Wright & Miller ¶ 1476 at 638 (3d ed. 2010). Similarly, when an amended complaint is properly filed, a defendant's answer to the original complaint is superseded. Although Plaintiff argues the factual allegations directed at the Hospital in the Amended Complaint have not changed from those asserted against it in the Complaint, she offers no authority to support her view that the Hospital is bound by its response to the original Complaint. Accordingly, the Court will consider the merits of the Hospital's motion.

I. Standards governing a Rule 12(b)(6) motion to dismiss

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt v. Oklahoma Dept. of*

*Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion)(quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true the assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555).

II. Application:

A. § 1983 claim based on alleged violation of Plaintiff's First Amendment right to freedom of speech

In Count VII of the Amended Complaint, Plaintiff alleges that "the matters alleged above" were in violation of her First Amendment right to freedom of speech, and "Plaintiff's comments as stated herein constituted comments on a matter of public concern."[2] Amended Complaint at ¶ 63.

---

[2] Although she asserts this claim against both the Hospital and the City of Watonga, Plaintiff subsequently dismissed the City of Watonga from this case in a stipulation of dismissal. [Doc. No. 45]. Accordingly, this claim is directed only at the Hospital.

The "matters above" refer to the lengthy recitation of the events and occurrences, set out in paragraphs 1 through 35 of the Amended Complaint, which Plaintiff contends support her fourteen claims against one or more of the defendants. The Hospital contends that, construing all allegations in Plaintiff's favor, the factual contentions are insufficient to state a plausible claim for relief based on its alleged retaliation for her exercise of freedom of speech protected by the First Amendment.

The First Amendment protects public employees from adverse employment actions in retaliation for their exercise of free speech. *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). To determine if a public employer impermissibly retaliated against a public employee in violation of her First Amendment rights, the Court applies the test derived from *Pickering* and *Connick v. Myers*, 461 U.S. 138 (1983). Accordingly, the employee must allege facts to show that her speech can be fairly characterized as relating to a matter of public concern and that her interests as a citizen outweigh the government employer's interest in promoting the efficiency of the public services it performs through its employees. *Pickering*, 391 U.S. at 568; *Dill v. City of Edmond*, 155 F. 3d 1193, 1201 (10th Cir. 1998). However, an employee cannot rely on speech consisting of statements made pursuant to her official job duties. *Garcetti v. Ceballos*, 547 U.S. 410 (2006). According to the Supreme Court, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 420. As the Court explained:

> [r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created.

*Id.* at 421-22.

To determine the sufficiency of a public employee's freedom of speech claim, the Tenth Circuit has adopted the following test: 1) the Court must first determine whether the employee spoke pursuant to her official duties;[3] 2) if not, then the Court must determine if her speech touches upon a matter of public concern; and 3) if speech involves a matter of public concern, the Court must then balance the employee's interest in speaking about such matters against the interest of the public employer in promoting the efficiency of the public services performed through its employees. *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F. 3d 1192, 1202-03 (10th Cir. 2007). Whether a public employee's statement was made pursuant to her official duties is a question of law. *Hesse v. Town of Jackson*, 541 F. 3d 1240, 1249 (10th Cir. 2008).

In this case, the Hospital argues that Plaintiff has failed to state a plausible claim for relief based on a violation of her First Amendment rights because she fails to allege facts to show that she made any statement regarding a matter of public concern, and the only statements identified in her allegations are those she made in the scope of her official duties. More specifically, the Hospital notes the only allegations which involve statements of any kind are those Plaintiff made to her supervisors regarding the job responsibilities she was required to perform after undergoing surgery. Plaintiff alleges that, when she returned from two spinal surgeries resulting from a work-related injury for which she received workers' compensation, she was assigned new duties requiring her to perform physical duties which were not assigned to her prior to her injury. Amended Complaint ¶¶ 17-22. After her physician told her she should not perform such physical tasks, Plaintiff told her supervisor about the restrictions, but she received no assistance. *Id.* at ¶ 23. Plaintiff further alleges that her assigned work hours were altered in a manner that conflicted with her need to care for her

---

[3]If the speech was made pursuant to the employee's official duties, the inquiry ends because the employee is not afforded First Amendment protection for such statements. *Garcetti*, 547 U.S. at 420.

5

terminally ill husband, and she complained to her supervisor and other management level personnel, but was not allowed to alter her schedule. She also alleges the supervisors reacted angrily when she told them she considered the changes in her schedule and duties to be in retaliation for her workers' compensation claim. *Id.* at ¶¶ 28-33.

The Court has reviewed in detail the extensive factual allegations in the Amended Complaint, and can locate no allegation that could be construed as a statement made by Plaintiff concerning anything other than her job duties and the manner in which she was treated by her supervisors. Although Plaintiff also alleges that she was discriminated against on the basis of her gender, disability, and age, there is no allegation that she complained or communicated to anyone about such discrimination until filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Furthermore, she does not allege that she made any public statement or voiced a complaint to anyone other than her supervisors, their superiors, and the EEOC. There is no allegation that any statement, comment or communication involved anything other than her job responsibilities.

"The mere fact that a statement was made in private does not, standing alone, remove it from the purview of public concern." *Burley v. Wyoming Dept. of Family Services*, 66 F.App'x 763, 765-66 (10th Cir. 2003) (unpublished opinion) (citing *Koch v. City of Hutchinson*, 847 F.2d 1436, 1447 (10th Cir. 1988)). "Matters solely of personal interest to government employees, however, are not protected by the First Amendment." *Dill v. City of Edmond*, 155 F.3d 1193, 1202 (10th Cir. 1998). Instead, statements made in private which are protected by the First Amendment are those which disclose "any evidence of corruption, impropriety, or other malfeasance" on the part of public officials. *Id.*; see also *Koch*, 847 F.2d at 1445; *Wulf v. City of Wichita*, 883 F.2d 842, 857 (10th Cir.

1989). Whether the speech involved a matter of public concern is a question of law. *Thomas v. City of Blanchard*, 548 F. 3d 1317, 1322 (10th Cir. 2008).

In this case, even if Plaintff's allegations are construed as reflecting statements, the only statements she identifies are those involving her job duties and the manner in which she was required to perform them. The Amended Complaint contains no allegation that she made any comment which could be construed as outside the scope of her job duties.

Accordingly, Plaintiff has failed to allege facts sufficient to state a plausible claim for relief based on retaliation for the exercise of her First Amendment rights. The Hospital's motion to dismiss Count VII is granted.

B. § 1983 claim based on alleged violation of Plaintiff's equal protection rights

In Count VIII of the Amended Complaint, Plaintiff asserts that the "matters alleged above" were in violation of her Fourteenth Amendment right to equal protection. Again, the referenced "matters" incorporate her factual allegations in paragraphs 1 through 35 of the Amended Complaint. The Hospital argues the factual allegations are insufficient to state a plausible claim for relief based on an equal protection violation.

The lengthy factual allegations reflect Plaintiff's contention that the Hospital violated both federal and state law prohibiting employment discrimination on the basis of gender, disability and/or age, and these are the only allegations which suggest Plaintiff believes she was subjected to unequal protection. Plaintiff alleges that she was subjected to discrimination and retaliation for the exercise of statutorily protected rights. She alleges the Hospital violated the Americans with Disabilities Act, the Oklahoma Anti-Discrimination Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964 by discriminating and/or retaliating against her because of her

disability, her age, and her gender. Amended Complaint, Counts I, II, IV, and VI. She also alleges the Hospital and Defendant Roland Gee violated the federal Family Medical Leave Act by interfering with her rights under the Act and by retaliating against her for exercising those rights. *Id.* at Count IX. Additionally, she contends the Hospital unlawfully retaliated against her because she exercised rights under Oklahoma's Workers Compensation statutes, thereby violating recognized state law. Complaint at Count X. She also asserts two pendent claims based on a *Burk* common law tort. In addition to her assertion of rights under these federal and state laws, she alleges in Count VIII that the same conduct forming the basis for those allegations also constitutes a violation of her equal protection rights.

According to the Tenth Circuit Court of Appeals, Plaintiff cannot present a viable equal protection claim based on these factual allegations. The Tenth Circuit has expressly rejected the viability of an equal protection claim based on a plaintiff's contention that her employer violated state and federal law prohibiting retaliation for the exercise of statutorily protected rights. *Teigen v. Renfrow,* 511 F. 3d 1072, 1085-86 9 10th Cir. 2007); *Davoll v. Webb*, 194 F. 3d 1116, 1145-46 (10th Cir. 1999); *Welsh v. City of Tulsa,* 977 F. 2d 1415, 1420 (10th Cir. 1992). As the Circuit explained in *Teigen,* an employer's challenged policy may "run afoul of state or federal laws that prohibit employers from retaliating against employees who exercise certain statutory rights." *Teigen*, 511 F. 3d at 1085. While such potential violations may support specific federal or state claims, they do *not* support an equal protection claim:

> In such circumstances, however, the proper claim is not an equal protection claim brought in federal court, but a claim under the applicable anti-retaliation law brought in the forum designated to redress such harm. *The mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause*.

*Id.* at 1085-86 (emphasis added).  "If this court were to hold otherwise, every claim of unlawful retaliation against a government employer, whether brought under state or federal law, could be transformed into an equal protection claim simply by defining the relevant class as consisting of those employees who challenged the government's unlawful employment policies."  *Id.*

Furthermore, "[t]he Supreme Court has 'never found the Equal Protection Clause implicated in the specific circumstance where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner.'" *Kelley v. City of Albuquerque*, 542 F. 3d 802, 822-23 (10th Cir. 2008) (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 605 (2008)).

Plaintiff's allegations of unlawful discrimination and retaliation in violation of federal and state law provide her statutory remedies, which she asserts in this lawsuit.  That she contends she was a member of statutorily protected classifications based on her alleged disability, age, or gender does not, however, support an additional claim for relief based on a denial of equal protection rights under the facts alleged.  Accordingly, the Hospital's motion to dismiss is granted.

C.  Plaintiff's claim for intentional infliction of emotional distress

The Hospital also seeks dismissal of Plaintiff's Count XII claim for intentional infliction of emotional distress, arguing the facts alleged do not state a plausible claim for relief.

Upon review of the record, the Court notes that Defendant Gee moved to dismiss this same claim for relief in his motion to dismiss the original Complaint, which asserted this claim against all defendants.  The Court granted Defendant Gee's motion, finding the factual allegations insufficient to state a claim for relief under Oklahoma law.  *See* Order of November 8, 2011 [Doc. No 27].  The Court also denied leave to amend the claim, finding that an amendment would be futile

because Oklahoma has repeatedly rejected claims of intentional infliction of emotional distress in an employment setting.

In the Amended Complaint, Plaintiff continues to assert this claim, although she directs the claim only against the Hospital,[4] and omits Roland Gee as a defendant on this claim for relief. While Plaintiff's doing so is technically not in violation of the Court's previous Order of dismissal and denial of leave to amend, the Amended Complaint reflects that Plaintiff has not altered the factual allegations in support of this claim for relief.

As the Court determined in granting Defendant Gee's motion, the facts alleged by Plaintiff are insufficient to state a claim for intentional infliction of emotional distress under Oklahoma law. It is well-settled that such a claim requires factual allegations to show: (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) plaintiff actually experienced emotional distress; and (4) the emotional distress was severe. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir.1991). In Oklahoma, "[r]ecovery under the theory is governed by very narrow standards." *Miner v. Mid-America Door Co.*, 68 P. 3d 212, 223 (Okla. Civ. App. 2002). To satisfy the element of extreme or outrageous conduct, a plaintiff must plead facts to show the defendant's conduct was "'beyond all possible bounds of decency in the setting in which it occurred,' or 'utterly intolerable in a civilized community.'" *Thompson v. State Farm Fire & Casualty Co.*, 34 F.3d 932, 934 (10th Cir. 1994) (quoting *Eddy v. Brown*, 715 P.2d 74, 77 (Okla. 1986)). In Oklahoma, liability for this tort "does not extend to 'mere insults, indignities, threats,...[or] occasional acts that are definitely inconsiderate and unkind.'" *Starr v. Pearle Vision, Inc.*, 54 F. 3d 1548, 1558 (10th Cir. 1995) (quoting *Eddy*, 715 P. 2d at 77).

---

[4] The Amended Complaint asserts this claim against the Hospital and the City of Watonga, but Plaintiff has dismissed the City of Watonga.

Whether the alleged conduct may reasonably be regarded as sufficiently extreme and outrageous to satisfy Oklahoma's standards is a question of law for the court. *Gaylord,* 958 P. 2d at 149. "It is the trial court's responsibility initially to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous." *Id.* Thus, "the 'court, in the first instance, must determine whether the defendant's conduct *may* reasonably be regarded *so extreme and outrageous* as to permit recovery.'" *Mizraie v. Smith Cogeneration, Inc.,* 962 P. 2d 678, 682 (Okla. Civ. App. 1998) (emphasis in original) (quoting *Breeden v. League of Services Corp.,* 575 P. 2d 1374, 1377 (Okla. 1978)). Conduct which, though unreasonable, is not "beyond all possible bounds of decency" in the setting in which it occurred, or cannot be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality. *Ishmael v. Andrew*, 137 P. 3d 1271, 1277 (Okla. Civ. App. 2006) (citing *Eddy*, 715 P. 2d at 76); *Gaylord,* 58 P. 2d at 149.

As the Court held in considering the sufficiency of Plaintiff's factual allegations to support this claim in the original Complaint, Oklahoma courts reject the contention that loss of employment alone is sufficient to support a claim of intentional infliction of emotional distress. "Although it is natural that an employee would suffer some sort of distress from being terminated," that is not, in itself, sufficient to support the extreme and outrageous conduct required to pursue this tort. *Smith v. Farmers Co-op. Ass'n of Butler,* 825 P. 2d 1323, 1328 (Okla. 1992). As the Court also noted in dismissing this claim in the original Complaint, Oklahoma courts have repeatedly rejected the viability of intentional infliction of emotional distress claims in an employment setting. *See, e.g., Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 432 (10th Cir. 1990) (applying Oklahoma law to conclude that an employee did not allege sufficient facts to support intentional infliction of emotional distress where he alleged his supervisor harshly criticized him, and yelled and cursed at

him in front of others); *Daemi,* 931 F.2d at 1388 (a claim could not be based on the employer's accusing the employee of criminal conduct, requiring him to take a polygraph examination, and subjecting him to ridicule and abuse at company seminars); *Mirzaie,* 962 P. 2d at 682-83 (deeming insufficient to state a claim allegations that the employer telephoned the plaintiff in the middle of the night and browbeat him for hours, required him to do unnecessary work, and made derogatory sexual comments about his fiancee.)

In this case, other than her allegations that Plaintiff was terminated and was subjected to discriminatory treatment because of her disability, her age and/or gender, she alleges no facts to show that she was subjected to extreme and outrageous conduct that would be regarded as utterly intolerable in a civilized community, as required by Oklahoma law. Her allegations are insufficient to state a plausible claim for relief against the Hospital, and its motion to dismiss Count XII is granted.

D. Leave to amend

Having concluded that the Hospital's motion to dismiss Counts VII, VIII, and XII must be granted, the Court must consider whether leave to amend should be authorized. Where a motion to dismiss is granted, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).

Accordingly, a district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v.*

*Squire*, 81 F.3d 969, 973 (10th Cir.1996). A court may deny leave to amend as futile if the proposed amended complaint would be subject to dismissal for any reason, including that it would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997)(citations omitted).

In this case, Plaintiff has alleged detailed facts to support her allegations of discriminatory and retaliatory treatment which she contends form the basis for her claims grounded in state and federal antidiscrimination statutes and Oklahoma common law. However, those detailed allegations do not include any facts that could support her claims of First or Fourteenth Amendment violations or intentional infliction of emotional distress. The original Complaint was found deficient with respect to the Fourteenth Amendment claim and the emotional distress claim,[5] and leave to amend both was denied as futile with respect to her allegations against Defendant Gee. Similarly, the Court finds that futility also precludes authorizing an amendment of these claims against the Hospital. Furthermore, in preparing the Amended Complaint, Plaintiff had notice of the pleading deficiencies in these claims to the extent they are asserted against the other defendants, and she did not alter the allegations to cure the noted deficiencies. Her only revisions in the Amended Complaint consist of the omission of Roland Gee as a defendant on these claims. Accordingly, leave to amend is denied.

III. Conclusion

For the foregoing reasons, the Hospital's motion to dismiss [Doc. No. 36] is GRANTED. Plaintiff's Count VII claim based on retaliation for the exercise of First Amendment rights and her Count VIII claim based on a violation of equal protection under the Fourteenth Amendment are dismissed, as is her Count XII claim for intentional infliction of emotional distress. Leave to amend

---

[5] Defendant Gee also sought dismissal of her First Amendment claim in the original Complaint; however, Plaintiff's response to his motion withdrew that claim as to Defendant Gee.

is denied as to all three claims. The Hospital is directed to file its answer according to the deadline set forth in the Federal Rules of Civil Procedure. This action will proceed on Plaintiff's remaining claims.

IT IS SO ORDERED this 7th day of September, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE